IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

ADDISON AUTOMATICS, INC.,  )
individually and as the representative of a  )
class of similarly-situated persons,  ) No. 12 C 9869
  )
        Plaintiff,  ) Judge Virginia M. Kendall
  v.  )
  )
THE RTC GROUP, INC., MICROSOFT  )
CORPORATION, INTEL CORPORATION,  )
AVENT, INC., and JOHN DOES 1-10,  )
  )
        Defendants.  )

## MEMORANDUM OPINION ORDER

Plaintiff Addison Automatics, Inc. filed a three-count complaint against Defendants The RTC Group, Inc., Microsoft Corporation, Intel Corporation and Avnet Inc. (collectively, the "Defendants") asserting claims for a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.,* common law conversion and for a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2. The Defendants have moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[1] For the reasons set forth below, the motion is granted in part and denied in part.

## BACKGROUND

The following facts are taken from the complaint and are assumed to be true for purposes of this Motion to Dismiss. *See Voelker v. Porsche Cars North America, Inc.,* 353 F.3d 516, 520 (7th Cir. 2003); *Murphy v. Walker,* 51 F.3d 714, 717 (7th Cir. 1995). On October 1, 2009, RTC

---

[1] Defendant RTC only moves to dismiss Count I, the TCPA claim. Microsoft, Intel and Avnet move to dismiss the complaint in its entirety.

sent a facsmile to Plaintiff, offering Plaintiff the opportunity to attend a free "technical seminar" on embedded computer technology. *See* Doc. 1-1, Plaintiff's First Amended Complaint at ¶¶ 16-18, Ex. A. Specifically, the fax stated that:

> Avnet, Microsoft and Intel join together to bring you the *Avnet Embedded Revolution* technical seminar. Get critical information on the powerful, new and next generation of Windows Embedded Enterprise including Windows 7 FES & Intel's Atom CPU. This unique (preview) opportunity will get you up-close to the experts to glean knowledge and know-how for your next design decision. The Avnet Embedded Revolution Seminar is 100% complimentary and specially designed to exceed your expectations.
>
> Learn exactly how the *Next Generation of* Windows Embedded Enterprise and Intel's Atom CPU explode the Embedded Revolution.

*Id.* at Ex. A (emphasis in original). The remainder of the fax described the agenda for the seminar. *Id.* It identified the "distinguished hosts" of the seminar as Microsoft, Intel and Avnet. *Id.* Microsoft's, Intel's and Avnet's logos were prominently displayed on the fax. *Id.* It also stated that the location of the seminar would be Microsoft's offices in Downers Grove, Illinois. *Id.*

Plaintiff contends that it never consented to receiving the fax from the Defendants and that it did not provide an opt-out notice. *Id.* at ¶¶ 19, 25. Plaintiff also contends that the Defendants intended to use the seminar to market their products and services to the attendees. *Id.* at ¶ 19.

Plaintiff filed an initial complaint against Defendant RTC in the Circuit Court of Cook County asserting claims for violations of the TCPA and the ICFA as well as for common law conversion. RTC moved to dismiss the complaint pursuant to 735 ILC 5/2-615 for failure to set forth a claim for which relief could be granted. The state court dismissed the TCPA claim without prejudice but denied RTC's motion to dismiss with respect to the ICFA and conversion claims. Plaintiff then filed an amended complaint, the operative complaint, which included

additional factual allegations and added Microsoft, Intel and Avnet as Defendants. Intel, with the consent of the other Defendants, removed the action to this Court on December 11, 2012 pursuant to 28 U.S.C. § 1441(a). *See* Doc. 1. Defendants Microsoft, Intel and Avnet have now moved to dismiss the Amended Complaint in its entirety while RTC only moves to dismiss the TCPA claim. Doc. 24.

## STANDARD OF REVIEW

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all facts alleged in the complaint and construe all reasonable inferences in favor of the plaintiff. *See Murphy,* 51 F.3d at 717. To state a claim upon which relief may be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief". Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations are not required, but the plaintiff must allege facts that when "accepted as true... 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 120 S. Ct. 1937, 1949 (2009) (*quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). In analyzing whether a complaint meets this standard, the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950. When there are well-pleaded factual allegations, the Court assumes their veracity then determines if they plausibly give rise to an entitlement to relief. *Id.*

## DISCUSSION

**I.   The Complaint Sufficiently Alleges a Violation of the TCPA**

Defendants assert two reasons for why the TCPA claim should be dismissed. First, the fax received by Plaintiff did not constitute an advertisement within the meaning of the TCPA. Second, since RTC sent the fax to Plaintiff, the claim should be dismissed as to Microsoft, Intel

and Avnet because Plaintiff failed to adequately allege that RTC was acting as their agent. Neither argument is persuasive.

### A. Plaintiff Sufficiently Alleged the Fax Was an Advertisement

The relevant portion of the TCPA prohibits the use of "any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement. . . ." 47 U.S.C. § 227(b)(1)(C). The statute defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5); *see also, e.g., G.M. Sign, Inc. v. MFG.com, Inc.,* No. 08 C 7106, 2009 WL 1137751, at *1 (N.D. Ill. Apr. 24, 2009); *Physicians Healthsource, Inc. v. Alma Lasers,* No. 12 C 4978, 2012 WL 4120506, at *2 (N.D. Ill. Sept. 18, 2012).

Faxes that are nothing more than "purely informational" documents are not advertisements under the TCPA. *See, e.g., G.M. Sign,* 2009 WL 1137751, at *2. However, faxes promoting free seminars may be unsolicited advertisements because "free seminars are often a pretext to market products or services." *Physicians Healthsource,* 2012 WL 4120506, at *2 (citing *In re Rules and Regulations Implementing the Tel. Protection Act of 1991; Junk Fax Prevention Act of 2005,* 21 F.C.C.R. 3787, 3814 (Apr. 6, 2006)); *see also, e.g., St. Louis Heart Center, Inc. v. Forest Pharms., Inc.,* No. 12 C 02224, 2013 WL 1076540, at *4 (E.D. Mo. Mar. 13, 2013) (finding that a fax that offers a "free seminar serving as a pretext for advertising commercial products and services" would fall within the ambit of the TCPA).

The complaint in this case adequately sets forth a claim for a violation of the TCPA. The plain language of the fax makes it plausible that the seminar would be used to market the

Defendants' products and services. For example, the fax states that "[t]his unique (preview) opportunity will get you up-close to the experts to glean knowledge and know-how for your next design decision." Doc. 1-1 at Ex. A. It is plausible to infer from this statement that the Defendants intended to market their products and services at the seminar so that the attendees would purchase those products and services when they make their "next design decision." This plausibility is heightened by the fact the fax specifically describes the Microsoft and Intel products the attendees would receive information and training on. *See id.* ("Get critical information on the powerful, new and next generation of Windows Embedded Enterprise including Windows 7 FES & Intel's Atom CPU."). Based on these statements alone it is plausible to infer that the seminar was nothing more than a pretext for the Defendants to market their products and services.

Additionally, in order for the fax recipients to register for the seminar, they had to visit the website, www.embedded revolution.com. *Id.* The website describes the "embedded" products offered by Microsoft and Intel as well as the customer services provided by Avnet.[2] *See* Avnet Embedded Revolution Home Page, http://www.embeddedrevolution.com/. The website also describes the conference as making product launches from Avnet and its partners, such as Microsoft and Intel, available to the attendees. *Id.,* http://www.embeddedrevolution.com/conference/. Therefore, these statements also support the allegations that the seminar was simply a pretext for Defendants to market their products and services.

---

[2] The Court may take judicial notice of the contents of a website. *See LaBella Winnetka, Inc. v. Village of Winnetka,* 628 F.3d 937, 944 (7th Cir. 2011); *Denius v. Dunlap,* 330 F.3d 919, 926 (7th Cir. 2003); *see also Quan v. Gonzales,* 428 F.3d 883, 888 n.5 (9th Cir. 2005) (taking judicial notice of information on commercial travel guide website to establish plausibility of claim that "banks in China are typically open on Sundays").

The Defendants reliance on *Phillip Long Dang, D.C., P.C. v. XLHealth Corp.*[3] is misplaced. As an initial matter, an opinion issued by a district court from the Northern District of Georgia is not binding authority. *See Townsel v. Dish Network L.L.C.,* 668 F.3d 967, 970 (7th Cir. 2012) ("district courts' decisions are not authoritative, even in the rendering district"). Additionally, *Phillip Long* was decided on a motion for summary judgment and not a Rule 12(b)(6) motion to dismiss. The court in that case could therefore consider the evidence before it and determine as a matter of law whether the fax was an advertisement. In contrast, the Court must accept all factual allegations as true for purposes of this motion. Finally, the plaintiff in *Phillip Long* apparently failed to allege that the free seminar offered by the fax was itself a commercial enterprise. Instead, the plaintiff argued that "a free seminar fax is an advertisement under the TCPA without regard to whether any commercial activity occurs at the seminar." 2011 WL 553826, at *3. Conversely here, Plaintiff alleges that the purpose of the free seminar offered here was to market the products or services of Defendants Microsoft, Intel and Avnet. Doc. 1-1 at ¶ 19 (the "series of seminars . . .was itself an advertising of the goods or services offered by RTC Group's client those companies hosting and exhibiting at the seminars."). Accordingly, the Plaintiff has sufficiently alleged the fax constituted an advertisement.[4]

---

[3] *See* No. 09 C 1076, 2011 WL 553826, at *3 (N.D. Ga. Feb. 7, 2011).

[4] The Defendants also repeatedly cite the decision by the Circuit Court of Cook County Judge to dismiss the TCPA claim because he found the fax did not offer goods or services for sale and that the complaint failed to sufficiently allege the seminar was a pretext for the Defendants to offer their products. Since this Court applies the Federal Rules of Civil Procedure once a case has been removed, the Court does not believe much weight should be given to an Illinois state court's decision regarding the sufficiency of allegations in a complaint. While the law of the case doctrine applies to rulings made in state court prior to the removal of a case, a federal district court is vested with full discretion to set aside or reconsider those orders. *See Payne for Hicks v. Churchich,* 161 F.3d 1030, 1037 (7th Cir. 1998). Deciding whether allegations found insufficient pursuant to 735 ILCS 5/2-615 are particularly appropriate for reconsideration after removal because Illinois's fact pleading standard imposes a heightened pleading standard that is not required by the Federal Rules' notice pleading standard. *See Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.,* 536 F.3d 663, 670 (7th Cir. 2008) ("We can see no reason . . . why the standards of Rule of the Federal Rules of Civil Procedure, rather than Illinois fact

### B. Plaintiff Sufficiently Alleges that Defendants Microsoft, Intel and Avnet May Be Held Liable for the Fax

Title 47 U.S.C. § 227(b)(1) assigns liability to "any person" who sends an unsolicited advertisement to a telephone facsimile machine. The Federal Communications Commission is the agency vested with authority to issue regulations implementing the TCPA. Orders or rules promulgated by the FCC are binding on this Court pursuant to the Administrative Orders Review Act ("Hobbs Act"), 28 U.S.C. § 2342(1). *See CE Design, Ltd. v. Prism Business Media, Inc.*, 606 F.3d 443, 446 (7th Cir. 2010) (holding that the FCC's orders relating to the TCPA are binding under the Hobbs Act). The FCC has specifically promulgated a rule that defines the sender of an unsolicited advertisement for purposes of § 227(b)(1)(C) as "the person or entity on whose behalf a facsimile unsolicited advertisement is sent or whose goods or services are advertised or promoted in the unsolicited advertisement." 47 C.F.R. 64.1200(f)(10); *see also In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG Docket No. 02-278, 21 FCC Rcd 3787, 3808, ¶ 39 (April 5, 2006) ("We take this opportunity to emphasize that under the Commission's interpretation of the facsimile advertising rules, the sender is the person or entity on whose behalf the advertisement is sent."); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 10 FCC Rcd 12391, 12407-08, ¶¶ 34-35 (July 26, 1995) ("entity or entities on whose behalf facsimiles are transmitted are ultimately liable for compliance with the rule banning unsolicited facsimile advertisements."). Since Defendants Microsoft's, Intel's and Avnet's goods or services

---

pleading requirements, should not apply here."); *Axa Corporate Solutions v. Underwriters Reinsurance Corp.,* 347 F.3d 272, 277 (7th Cir. 2003) ("Parties might prefer the notice-pleading regime of the Federal Rules of Civil Procedure over the fact-pleading approach that prevails in Illinois courts, but no one thinks that the Illinois rules of pleading are binding on the federal courts."); *see also, e.g., Drabik v. Drabik,* No. 09 C 0028, 2013 WL 2285791, at *2 (N.D. Ill. May 23, 2013) ("The [defendants] mistakenly seek to hold [the plaintiff] to a fact-pleading standard of Illinois, but it is they who chose to remove [the plaintiff's] suit to federal court where a notice-pleading standard applies.") (internal citations omitted).

are advertised in the fax at issue, they are "senders" under the FCC's interpretation of this section of the TCPA. Therefore, Plaintiff has adequately alleged that they can be liable for the alleged violation of the TCPA.

The cases relied on by the Defendants that hold that Plaintiff must establish the existence of an agency relationship in order to hold the Defendants vicariously liable are unpersuasive.[5] None of these cases appears to have considered the rule promulgated by the FCC that defines "senders" as the person or entity whose goods or services are advertised or promoted in the unsolicited advertisement. Indeed, one of the cases, *Mey v. Pinnacle Sec. LLC,* deals with a separate subsection of the TCPA that prohibits automatic dialing equipment from calling wireless phones without the subscriber's consent. *See* 2012 WL 4009718, at *4. Moreover, none of these cases considered that this rule is binding on a district court under the Hobbs Act. Accordingly, even if the Court disagreed with the FCC's definition of a sender, it has no authority to disregard it.

Even if the FCC did not treat advertisers as senders, Plaintiff has still alleged Defendants Microsoft, Intel and Avnet are vicariously liable because it adequately alleged an agency relationship between those entities and RTC. The Supreme Court has held that when Congress creates a tort action, ordinary principles of tort-related vicarious liability are incorporated. *See Meyer v. Holley,* 537 U.S. 280, 285 (2003); *see also, e.g., Bridgeview Health Care Ltd.,* 2013 WL 1154206, at *5 ("[N]othing in the language of § 227(b) indicates that traditional notions of agency law are not applicable."). This Court has previously held that the federal common law of agency should be followed in determining whether agency exists for purposes of establishing vicarious liability under the TCPA. *See Jamison v. First Credit Services,* No. 12 C 4415, 2013

---

[5] These cases are *Thomas v. Taco Bell Corp.,* 879 F. Supp. 2d 1079, 1084 (C.D. Cal. 2012); *Bridgeview Health Care Ctr. Ltd. v. Clark,* No. 09 C 5601, 2013 WL 1154206, at *5 (N.D. Ill. Mar. 19, 2013); *Mey v. Pinnacle Sec. LLC,* No. 5:11CV47, 2012 WL 4009718, at *4 (N.D. W. Va. Sept. 12, 2012).

WL 1248306, at *7 (N.D. Ill. Mar. 28, 2013). The federal common law of agency is in accord with the Restatement. *See Opp v. Wheaton Van Lines, Inc.,* 231 F.3d 1060, 1064 (7th Cir. 2000); *Moriarty v. Glueckert Funeral Home, Ltd.,* 155 F.3d 859, 865-66 n. 15 (7th Cir. 1998).

The Restatement provides that an agency relationship arises when "one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." Restatement (Third) of Agency §1.01; *see also Chemtool, Inc. v. Lubrication Techs.,* 148 F.3d 742, 745 (7th Cir. 1998) (holding that the test for agency is "whether the alleged principal has the right to control the manner and method in which work is carried out by the alleged agent and whether the alleged agent can affect the legal relationships of the principal").

To adequately plead the existence of an agency relationship, "a plaintiff must allege a factual predicate to create the inference of agency." *Frazier v. U.S. Bank Nat. Ass'n,* No. 11 C 8775, 2013 WL 1337263, at *4 (N.D. Ill. Mar. 29, 2013); *see also, e.g., Whitley v. Taylor Bean & Whitacker Mortgage Corp.,* 607 F. Supp. 2d 885, 895 (N.D. Ill. 2009). Here, Plaintiff alleges that:

> [Microsoft, Intel and Avnet] through [RTC] approved, authorized and participated in the scheme to broadcast by facsimile by (a) directing a list to be purchased or assembled; (b) directing and supervising employees or third parties to send the facsimiles; (c) creating and approving the form of the facsimile to be sent; (d) determining the number and frequency of facsimile transmissions; and (e) approving or paying the employees or third parties to send the facsimiles.

Doc. 1-1, at ¶ 15. These allegations, accepted as true, provide a sufficient factual basis for the Court to infer that Microsoft, Intel and Avnet controlled the manner and method of work carried out by RTC. This reasonable inference is further supported by the fact the fax advertised that the conference would be held at Microsoft's Downers Grove offices and identified the Defendants as

9

the conference's hosts. Therefore, Plaintiff has adequately established the factual predicate for the existence of an agency relationship so that Defendants Microsoft, Intel and Avnet may be held vicariously liable for the alleged TCPA violation.

## II. The Conversion Claim Is Adequately Alleged

To sufficiently allege a claim for common law conversion, Plaintiff must allege: (1) an unauthorized and wrongful assumption of control, dominion, or ownership over its property; (2) its right to the property; and (3) its right to immediate possession of the property, absolutely and unconditionally. *See, e.g., Centerline Equip. Corp. v. Banner Pers. Servs.,* 545 F. Supp. 2d 768, 781 (N.D. Ill. 2008) (citing *General Motors Corp. v. Douglass,* 565 N.E.2d 93, 96-97 (Ill. App. Ct. 1990)). The Defendants do not dispute, and thus concede, that the complaint sufficiently alleges these elements. Instead, Defendants argue that the conversion claim should be dismissed because Plaintiff fails to sufficiently allege the existence of an agency relationship between RTC and the other Defendants. For the reasons set forth above with respect to the TCPA claim, the complaint adequately pleads agency. Therefore, the motion to dismiss this claim is denied.

## III. The ICFA Claim Against Microsoft, Intel and Avnet Is Barred by the Statute of Limitations

A claim brought pursuant to the ICFA must be filed within three years of the date the claim accrues. *See* 815 ILCS 505/10a(e); *see also, e.g., Indep. Trust Corp. v. Fid. Nat. Title Ins. Co. of N.Y.,* 577 F.Supp.2d 1023, 1041 (N.D. Ill. 2008). Here, there is no dispute that Plaintiff's claim accrued on October 1, 2009, the date it received the facsimile from RTC. There is also no dispute that Defendants Microsoft, Intel and Avnet were not added as parties to this litigation until November 9, 2012, which is obviously more than three years after Plaintiff's claim accrued. As a result, the statute operates to bar this claim.

Plaintiff's argument that its ICFA claim against Defendants Microsoft, Intel and Avnet should relate back to the date it filed its initial complaint against RTC is baseless.[6] Federal Rule of Civil Procedure 15(c)(1)(C) provides that when a plaintiff adds new defendants as parties in an amended complaint, the amendment only relates back to the original complaint if "if there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake." *See also King v. One Unknown Fed. Corr. Officer,* 201 F.3d 910, 914 (7th Cir. 2000); *Pierce v. City of Chicago,* No. 09 C 1462, 2010 WL 4636676, at *2 (N.D. Ill. Nov. 8, 2010). Establishing mistake is necessary for relation back and is "independent from whether the purported party knew that action would be brought against him." *King,* 201 F.3d at 914 (internal citations omitted). Moreover, a "mistake" under Rule 15(c)(1) is not an inability to identify the proper defendant, "the plaintiff must have actually erred in naming the proper defendant." *Pierce,* 2010 WL 4636676, at *2; *Hall v. Norfolk S. Ry. Co.,* 469 F.3d 590, 596 (7th Cir. 2006). In other words, "a potential defendant who has not been named in a lawsuit by the time the statute of limitations has run is entitled to repose – unless it is or should be apparent to that person that he is beneficiary of a mere slip of the pen, as it were." *Joseph v. Elan Motorsports Tech. Racing Corp.,* 638 F.3d 555, 569-60 (7th Cir. 2011).

The IFCA claim against Defendants Microsoft, Intel and Avnet does not relate back to the original complaint because there was no mistake. Plaintiff did not erroneously name the wrong defendants in its original complaint. For example, it did not accidentally name Microsoft LLC instead of Microsoft Inc. Rather, it simply failed to name Microsoft, Intel and Avnet as defendants. Under these circumstances, Rule 15(c)(1)(C) does not allow Plaintiff to add these

---

[6] Plaintiff's relation back argument is based on the standard set forth in 735 ILCS § 5/2-616(d). However, this statute is inapplicable here; rather, Federal Rule of Civil Procedure 15 governs. *See* Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court.").

defendants after the limitations period has expired. Therefore, the IFCA claim (Count III) against Defendants Microsoft, Intel and Avnet is dismissed with prejudice.[7]

## CONCLUSION

For the reasons set forth above, the motion to dismiss is granted in part and denied in part. Plaintiff's claim against Defendants Microsoft, Intel and Avnet for a violation of the Illinois Consumer Fraud Act is barred by the statute of limitations. The remainder of the motion to dismiss is denied.

                                                                           _____
                                                                           Virginia M. Kendall
                                                                           United States District Court Judge
                                                                           Northern District of Illinois

Date: July 16, 2013

---

[7] Plaintiff also argues that it is inappropriate to assert a statute of limitations defense in a Rule 12(b)(6) motion to dismiss. This is incorrect as "the statute of limitations may be raised in a motion to dismiss if 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" *Brooks v. Ross,* 578 F.3d 574, 579 (7th Cir. 2009) (quoting *United States v. Lewis,* 411 F.3d 838, 842 (7th Cir. 2005)). Here, the complaint sets forth everything necessary to satisfy the affirmative defense because it is indisputable that Plaintiff's claims accrued on October 1, 2009, which was more than three years before it filed its amended complaint.